JOSEPH S. LOVERING WHARTON ET AL., PARTNERS, RE-SPONDENT, v. THE WARD & WESTERMAN ENGINEER-ING CORPORATION AND ANOTHER, APPELLANT.

Submitted December 6, 1917—Decided February 7, 1918.

A summons on a mechanics' lien claim is issued when sealed by the clerk, if it is afterwards delivered to the officer for service.

On appeal from the Bergen Circuit.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Marinus Contant.*

For the respondent, *Clarence Mabie* and *William J. Morrison, Jr.*

The opinion of the court was delivered by

SWAYZE, J. The question is whether a mechanics' lien claim was discharged by the expiration of the time limited for issuing a summons on such lien claim without any summons being issued. The point to be decided is what is meant by issuing a summons. The facts are that the last item of work was furnished October 1st, 1914; the lien claim was filed October 21st, 1914; the summons was dated and sealed November 21st, 1914; the "statutory endorsement" (as the agreed statement of the case calls it) was made on the lien claim the same day. The summons was delivered to the sheriff March 15th, 1915, and served March 16th, 1915. The defendant contends that the summons was not issued until delivered to the sheriff. This contention finds some support in the language of section 23 of the act (*Comp. Stat., pp.* 3307-8), providing that the summons may be issued to the sheriff. But this language is satisfied by the direction of the summons to the officer, provided it is subsequently delivered.

Section 18 requires that the time of issuing the summons shall be endorsed on the claim by the clerk *upon the sealing thereof*. This language can hardly be satisfied unless the issuing is contemporaneous with the sealing; moreover it contemplates an endorsement by the clerk of a fact of which he has, or may be supposed to have, personal knowledge. Neither condition can be met if the summons is not issued until delivered to the sheriff.

Let the judgment be affirmed, with costs.